IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| Joseph Stevens,<br>    Petitioner, | )<br>)<br>) |
| v. | )     1:08cv211 (JCC/TCB) |
| | ) |
| Douglas M. Vaughn,<br>    Respondent. | )<br>)<br>) |

F I L E D
JUN 16 2008
CLERK, U.S. DISTRICT COURT
ALEXANDRIA, VIRGINIA

## MEMORANDUM OPINION AND ORDER

Joseph Stevens, a Virginia inmate proceeding pro se, filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, challenging his conviction and sentence in the Circuit Court for the County of Stafford, Virginia for robbery, conspiracy to commit robbery, eluding, and grand larceny. By Order dated March 17, 2008, Stevens was informed that it appeared that the statute of limitations barred the claims presented, and he was directed to contest the application of the statute of limitations or establish that he is entitled to equitable tolling. Also by that Order, he was directed to provide clear evidence of the claims he raised in the Supreme Court of Virginia and to inform the Court which of the 14 claims he now raises in the instant federal petition have been properly exhausted. On April 11, 2008, Stevens filed a Motion for an Extension of Time to comply with the Court's Order, in which he requested a sixty-day extension to file a response. By Order dated April 21, 2008, Stevens' Motion for an Extension was granted in part and he was given forty-five additional days to comply with the Court's March 17 Order. Stevens filed a response to the Court's Order on April 17, 2008.[1] After review of the petition and response, the petition will be dismissed.

---

[1] It appears that petitioner filed his response before receiving the Court's Order granting him an extension of time. Petitioner did not file any additional documents with the Court within forty-five days from the date he was granted an extension.

As discussed in the March 17, 2008 Order, the applicable statute of limitations, 28 U.S.C. § 2244(d), bars the claims presented. A petition for a writ of habeas corpus must be dismissed if filed later than one year after: (1) the judgment becomes final; (2) any state-created impediment to filing a petition is removed; (3) the United States Supreme Court recognizes the constitutional right asserted; or (4) the factual predicate of the claim could have been discovered with due diligence. 28 U.S.C. § 2244(d)(1)(A)-(D). In calculating the one-year period, the time during which state collateral proceedings were pursued by Stevens must be excluded. See 28 U.S.C. § 2254(d)(2). If the total time elapsed exceeds one year, the petition is untimely and must dismissed unless Stevens can establish that he is entitled to equitable tolling of the statute of limitations. See Hill v. Braxton, 277 F.3d 701 (4th Cir. 2002).

Stevens was sentenced in the Circuit Court for Stafford County, Virginia on July 13, 2005 after pleading guilty to robbery and conspiracy and after a jury convicted him of eluding and grand larceny. Stevens did not file a direct appeal of his conviction or sentence in the Court of Appeals of Virginia. Pet. 2. Therefore, Stevens' conviction became final on August 12, 2005, the date on which the time for appealing his conviction and sentence to the Court of Appeals of Virginia expired. See Va. Sup. Ct. R. 5A:6(a). As such, Stevens had one year, or until August 12, 2006, to file the instant federal petition unless the pendency of a properly filed application for state post-conviction or other collateral relief tolled the running of the one-year limitations period. See 28 U.S.C. § 2254(d)(2); Pace v. DiGuglielmo, 544 U.S. 408 (2005) (determining that the definition of "properly filed" state collateral proceedings, as required by § 2244(d)(2), is based on the applicable state law as interpreted by state courts). On September 11, 2006, nearly a month after the statute of limitations expired, Stevens filed a state habeas petition in the Supreme Court of Virginia, which was dismissed

on March 12, 2007.

Because Stevens' state habeas petition was not filed until after the one-year limitations period had expired, the pendency of that petition did not toll the running of the statute of limitations. Accordingly, the instant federal petition, filed February 23, 2008,[2] over two years after the expiration of the limitations period, is untimely under § 2244(d) and is barred from federal review unless Stevens can establish that the statute of limitations does not apply or should otherwise be tolled. See Hill v. Braxton, 277 F.3d 701, 707 (4th Cir. 2002) (requiring notice and the opportunity to respond before a sua sponte dismissal under § 2244(d)). Liberally construed, Stevens appears to raise the following arguments in support of the application of equitable tolling of the limitations period: (1) that despite his best efforts, Stevens has not been able to get a copy of his trial transcript; (2) that his attorney told him that he could not appeal because he pled guilty;[3] (3) that he was told that he had one year to file his habeas petition to the Supreme Court of Virginia and an additional year to file his petition in federal court and was therefore under the impression that he had until March 12, 2008 to file his federal habeas petition; and (4) that he was prevented from filing a direct appeal by his attorney.[4]

---

[2] For purposes of calculating the statute of limitations, a petition is deemed filed when the prisoner delivers her pleading to prison officials. Lewis v. City of Richmond Police Dep't, 947 F.2d 733 (4th Cir. 1991); see also Houston v. Lack, 487 U.S. 266 (1988). Petitioner avers that he placed the instant petition in the prison mailing system on February 23, 2008. The Clerk received the petition on March 5, 2008.

[3] The Court notes that, according to Stevens' petition, he was tried for some counts and he pled guilty to others. Thus, even if Stevens had been told that he could not appeal his convictions that were based on his guilty pleas, nothing in the record suggests that Stevens was deterred from filing a direct appeal of his convictions which resulted from the jury's verdict.

[4] Claims 2 and 4 of Stevens's response appear to be identical and therefore will be addressed together.

Although the United States Supreme Court has not yet held that equitable tolling is available, see Pace v DiGuglielmo, 544 U.S. 408, 418 n.8 (2005) ("We have never squarely addressed the question whether equitable tolling is applicable to [§ 2244(d)(2)'s] statute of limitations."), it appears that § 2244(d) may be subject to equitable doctrines such as tolling under very limited circumstances. See Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003); Harris v. Hutchinson, 209 F.3d 325, 328-29 (4th Cir. 2000). For equitable tolling to apply, Stevens must establish that: (1) extraordinary circumstances, (2) beyond his control and external to his own conduct, (3) prevented him from filing on time. Rouse, 339 F.3d at 247; Spencer v. Sutton, 239 F.3d 626, 630 (4th Cir. 2001). The Fourth Circuit has cautioned, however, that equitable tolling of the limitations period is rarely warranted and is to be reserved "for those rare instances where - due to circumstances external to the party's own conduct - it would be unconscionable to enforce the limitation period against the party and gross injustice would result." Harris, 209 F.3d at 330. A petitioner's lack of diligence in pursuing his federal remedy may act to negate the application of equitable tolling. See Spencer v. Sutton, 239 F.3d 626, 630 (4th Cir. 2001).

Stevens has failed to present circumstances "extraordinary" enough to justify equitable tolling or to excuse his failure to diligently pursue the instant federal remedy. First, Stevens claims that he has been unable to get a copy of his trial transcript. However, Stevens fails to establish how not having his trial transcript prevented him from filing his federal petition in a timely manner. In fact, through Stevens' petition and response, he has demonstrated that he did not need his trial transcript in order to articulate his habeas claims. Next, Stevens claims that his attorney prevented him from appealing his conviction by providing Stevens with incorrect information regarding his right to file an appeal. Assuming that his attorney was ineffective for failing either to properly inform him about

4

his right to appeal or failing to file an appeal on Stevens' behalf, such error by counsel is an insufficient justification for the application of equitable tolling. See Rouse, 339 F.3d at 248 (quoting Beery v. Ault, 312 F.3d 948, 951 (8th Cir. 2002) for the proposition that "[i]neffective assistance of counsel generally does not warrant equitable tolling"); Harris, 209 F.3d at 330-31; Broadnax v. Angelone, No. 2:02cv158, 2002 WL 32392670, at * 1 (E.D.Va. Sept. 19, 2002) ("[Petitioner's] failure to direct his attorney to file an appeal for him does not give him a basis upon which he may come into federal court after the statute of limitations has run .... [and] [a]ssuming, arguendo, that petitioner's attorney had erroneously advised him in connection with his collateral appeal, that failure would be insufficient to warrant equitable tolling of a statute of limitations."). Finally, Stevens' claims that he was provided with incorrect information about the applicable statute of limitations, which led him to believe that he had until March 12, 2008 to file his federal habeas petition. However, ignorance of the law is insufficient to warrant equitable tolling. See United States v. Sosa, 364 F.3d 507, 512 (4th Cir. 2004); accord Marsh v. Soares, 223 F.3d 1217, 1220 (10th Cir. 2000). Because Stevens has failed present a sufficient basis for equitable tolling, the Court, in an exercise of its discretion, declines to equitably toll the one-year limitations period. As such, the instant petition is time-barred and will be dismissed with prejudice.[5]

Accordingly, it is hereby

ORDERED that the petition (Docket # 1) be and is DISMISSED WITH PREJUDICE.

To appeal, petitioner must file a written notice of appeal with the Clerk's Office within thirty

---

[5] Because the Court is dismissing Stevens' petition as barred by the statute of limitations, it is unnecessary for the Court to address the issues of exhaustion and the other issues Stevens raised in his response.

(30) days of the date of this Order. A written notice of appeal is a short statement stating a desire to appeal this Order and noting the date of the Order petitioner wants to appeal. Petitioner need not explain the grounds for appeal until so directed by the court. Petitioner must also request a certificate of appealability from a circuit justice or judge. See 28 U.S.C. § 2253 and Fed. R. App. P. 22(b). For the reasons stated above, this Court expressly declines to issue such a certificate.

The Clerk is directed to send a copy of this Order to petitioner and to close this civil case.

Entered this 16 day of June 2008.

/s/
James C. Cacheris
United States District Judge

Alexandria, Virginia